UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 7:21-cr-00173-LSC-SGC |
| ) | |
| DEMARCUS M. WALKER ) | |
| ) | |
| Defendant. ) | |

SENTENCING MEMORANDUM

COMES NOW the Defendant, Demarcus Walker, by and through his undersigned counsel of record, and hereby submits this Sentencing Memorandum for consideration pending his upcoming Sentencing Hearing scheduled for Tuesday May 24th, 2022, at 9:45 PM.

It is respectfully requested that the court construct a sentence that would allow Mr. Walker to maintain his current employment and, therefore, his ability to provide for his family. Such a sentence would be sufficient, but not greater than necessary to achieve all the purposes of sentencing as defined by 18 U.S.C. 3553(a). As such, Mr. Walker moves this Honorable Court for a variance from the sentence recommended by the sentencing guidelines, and below the sentence recommended by the Government and, as grounds therefore, states as follows:

Demarcus cooperated in this case from the moment agents knocked on his door May 20th, 2020. He gave a full and complete statement without counsel on that date. Subsequently, and prior to the initiation of this prosecution, Walker sought and obtained a commercial driver's license in January 2021. (PSR, at para. 46).

Since March 2021, Walker has been employed as a truck driver and is currently earning $4,000 per month and working 50 hours per week. (PSR, at para. 47).

1

Walker has been on supervision for nearly a year without incident having "reported as directed, passed all administered drug screens, and maintained employment." (PSR, at para. 3). At the time of the conduct that brought Mr. Walker before the court, Demarcus was a daily user of marijuana.

Mr. Walker's fiancé is a stay-at-home mother who cares for Mr. Walker's young daughter. As such, both his child, and the mother of his child, rely upon Demarcus's income for food, shelter, and utilities.

While Mr. Walker does have a substantial arrearage in child support with respect to his eldest child and son, Demarius, Demarcus does make regular child support payments and maintains a close relationship with his son.

In addition, Demarcus has recently learned that the mother of his first daughter has left the child with extended in the Huntsville area. Mr. Walker is trying to get into court so that he can get visitation rights, or custody as appropriate. Demarcus is aware that he will, at a minimum, be required to pay support as a consequence of those efforts.

Of note, in a related case: USA v. Haley, 7:21-cr-304-LSC-SGC, Mr. Haley was sentenced to a low-end guideline range of 18 months. (Doc. 19, 7:21-cr-304-LSC-SGC). Mr. Haley transported the relevant firearms in this case, and numerous others obtained from another straw purchaser, to Boston for resale at profit. As further outlined in the factual basis in Mr. Haley's case, he declined to cooperate with, and denied responsibility to, law enforcement and quite arrogantly suggested that his case would come down to his word against the word of his straw purchasers. (Doc. 14, at 2-9, 7:21-cr-304-LSC-SGC).

It is respectfully suggested that the minor differential in outcomes as suggested by the Government in its recommendation do not fully or adequately account for the material differences

between these two defendant's offense, and post-offense conduct, in these related cases. A sentence that would allow Mr. Walker to maintain employment, and to continue to meet his responsibilities, would be a sentence that adequately accounts for how each of the defendants have responded to these circumstances. A minor difference in custodial sentences would be insufficient.

Should Mr. Walker be sentenced to a period of incarceration, he requests that he be allowed to remain on bond pending a determination of his designation to allow him the opportunity to surrender himself to the appropriate facility. Counsel has previously conferred, and the Government has no objection to this request. Mr. Walker would, in such a circumstance, also request that the Court recommend he be housed as close as possible to his home in Tuscaloosa, AL as possible to allow him to maintain as close a relationship with his family.

RESPECTFULLY SUBMITTED,

/s/J. Derek Drennan
J. DEREK DRENNAN

OF COUNSEL:

KIRK DRENNAN LAW.
500 OFFICE PARK DRIVE
SUITE 100
BIRMINGHAM, AL 35233
205-803-3500

<u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have on this the 22nd of May, 2022, served a copy of the foregoing by electronic filing to the United States Attorney's Office.

/s/J. Derek Drennan
J. DEREK DRENNAN